```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| JONATHAN WILSON, | : | CIVIL ACTION NO. 07-953 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| BOROUGH OF RED BANK, et al., | : |  |
| Defendants. | : |  |

**THE COURT** ordering the plaintiff to show cause why, inter alia, the action should not be stayed and administratively terminated, with leave to reopen for good cause shown, pending disposition of the criminal charges against him (dkt. entry no. 12, Order to Show Cause); and the plaintiff bringing this action to recover damages under 42 U.S.C. § ("Section") 1983 ("Federal Claims") (Compl., at ¶¶ 1, 8-9), and under state law; and it appearing that the claims arise from his detention and arrest in July 2006 (id. at ¶¶ 16-29); but it appearing that the plaintiff, in connection with the circumstances underlying the detention and arrest, was charged on July 3, 2006, with aggravated assault upon a police officer and disorderly conduct (id. at ¶¶ 30, 37; dkt. entry no. 14, Pappa Cert., at ¶ 2), see N.J.S.A. §§ 2C:12-1(b), 2C:33-2; and

**IT APPEARING** — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of

rendering [a] criminal conviction or sentence invalid," and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (emphasis in original) (cites and quotes omitted), cert. denied, 547 U.S. 1035 (2006), see Heck, 512 U.S. at 486-87 (stating Section 1983 claim to be dismissed if judgment for plaintiff would necessarily imply invalidity of conviction or sentence); and

**THE COURT** thus being concerned that if the plaintiff were successful on his Federal Claims, then an eventual underlying state criminal conviction would be rendered invalid in violation of Heck; and it appearing that when an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended", Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007); and it appearing further that "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit", id.;

2

and thus the Court ordering the plaintiff to show cause why, <u>inter alia</u>, the action should not be stayed and administratively terminated pending the outcome of the criminal charges against him (Order to Show Cause, at 3); and

**THE PLAINTIFF**, in response, admitting that (1) the charges against him are still pending, and (2) the Court is authorized to stay the action (dkt. entry no. 14, Pl. Resp., at 3 & 10); and the defendants supporting a stay and an administrative termination (dkt. entry nos. 15 & 16, Defs. Resps.); and it appearing that the Court should stay and administratively terminate this action, pending the outcome of the criminal charges, see <u>Antoine v. Rucker</u>, No. 03-3738, 2007 WL 1462401, at *1-*6 (D.N.J. May 14, 2007) (applying <u>Heck</u> analysis to charges similar to charges here); and

**THE COURT** advising the parties that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see <u>Delgrosso v. Spang & Co.</u>, 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and thus the Court intending to (1) grant the part of the order to show cause concerning a stay and

an administrative termination of the action, and (2) stay and administratively terminate the action, with leave to seek ancillary relief or to reopen when appropriate; and for good cause appearing, the Court will issue an appropriate order and judgment.[1]

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[1] The plaintiff is concerned about the length of time the Monmouth County prosecutor is taking to investigate the circumstances underlying the charges. (Pl. Resp., at 5, 9, 12-13.) The Court will not address this grievance here.